PER CURIAM.
Paul Armus’s appeal from a final summary judgment in favor of Miles Kuttler, D.M.D., and Miles Kuttler, P.A., [collectively Dr. Kuttler] is based on the trial court’s ruling that statute of limitations bars his dental malpractice action. We affirm.
Dr. Kuttler treated Mr. Armus from January 1978 until December 1986. In November 1986, Mr. Armus visited Dr. Kutt-ler for treatment of a problem with his bridge work. Dr. Kuttler referred Mr. Ar-mus to Dr. Singer, a periodontist. In February 1987, Mr. Armus sought a second opinion from Dr. Pearlman. Dr. Pearlman diagnosed Mr. Armus as having extensive periodontal disease with local advanced per-iodontitis. Thereafter, Mr. Armus served Dr. Kuttler with a notice of intent to initiate a dental malpractice action in May 1989. In August 1989, Mr. Armus filed an action against Dr. Kuttler alleging that his failure to evaluate and diagnose periodontal disease aggravated his condition. Dr. Kuttler sought summary judgment based on the statute of limitations. The trial court ruled that the statute of limitations had run prior to the filing of the action and entered the final summary judgment under review.
Section 95.11(4), Florida Statutes (Supp. 1986), provides, in pertinent part, that an action for dental malpractice must be commenced “within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence....” The statute of limitations begins to run “when the plaintiff should have known of either (1) the injury or (2) the negligent act.” University of Miami v. Bogorff 16 F.L.W. 149, 150 (Fla. Jan. 18, 1991); Barron v. Shapiro, 565 So.2d 1319 (Fla.1990); Moore v. Morris, 475 So.2d 666 (Fla.1985); Nardone v. Reynolds, 333 So.2d 25 (Fla.1976). Mr. Armus’ deposition testimony conclusively demonstrates that he was *836 aware of Dr. Kuttler’s alleged negligent treatment in February 1987, more than two years before he took appropriate action. Thus, the trial court correctly ruled that defendants were entitled to judgment as a matter of law. Bogorff.
Accordingly, we affirm the final summary judgment.